**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

JAYA WILLIAMS, an individual;                                                      CASE NO:

      Plaintiffs,

v.

UBER TECHNOLOGIES, INC, a Delaware corporation;
RASIER, LLC, a California limited liability company;
RASIER-CA, LLC, a California limited liability company;
RASIER-DC, LLC, a California limited liability company
RASIER-PA, LLC, a California limited liability company;
RASIER-MT, LLC, a California limited liability company;
HINTER-NM, LLC; YENLY ALVAREZ HERRERA; and
DOES 1 through 10, inclusive,

      Defendants

_____/

## COMPLAINT

Plaintiffs JAYA WILLIAMS ("Ms. Williams" or "Plaintiff"), by and through undersigned

counsel does hereby sue Defendants, UBER TECHNOLOGIES, LLC; RASIER, LLC; RASIER-

CA, LLC; RASIER-DC, LLC; RASIER-PA, LLC; RASIER-MT, LLC; and HINTER-NM, LLC

(collectively, the "Uber Defendants"), and YENLY ALVAREZ HERRERA ("Herrera") pursuant

to claims for negligence and negligent infliction of emotional distress.

In support thereof, the PLAINTFFS state as follows:

## OVERVIEW

1. This is a suit for Negligence and Negligent Infliction of Emotional Distress.

## THE PARTIES

2. Plaintiff is an individual, and was at all times material hereto a citizen of Arapahoe

County, Colorado.

3. Defendant UBER TECHNOLOGIES, LLC (hereinafter "UTL") is a Delaware corporation with its principal place of business in the State of California. At all relevant times UTL conducted business in the State of Florida. UTL is a citizen of the State of California and the State of Delaware.

4. Defendant RASIER, LLC (hereinafter "RASIER") is a limited liability company organized and existing under the laws of the State of Delaware, and whose principal place of business is in the State of California. At all relevant times RASIER conducted business in the State of Florida. RASIER is a citizen of the State of California and the State of Delaware.

5. Defendant RASIER-CA, LLC (hereinafter "RASIER-CA") is a limited liability company organized under the laws of the State of Delaware, and whose principal place of business is in the State of California. At all relevant times RASIER-CA conducted business in the State of Florida. RASIER-CA is a citizen of the State of California and the State of Delaware

6. Defendant RASIER-DC, LLC (hereinafter "RASIER-DC") is a limited liability company organized under the laws of the State of Delaware, and whose principal place of business is in the State of California. At all relevant times RASIER-DC conducted business in the State of Florida. RASIER-DC is a citizen of the State of California and the State of Delaware.

7. Defendant RASIER-PA, LLC (hereinafter "RASIER-PA") is a limited liability company organized under the laws of the State of Delaware, and whose principal place of business is in the State of California. At all relevant times RASIER-PA conducted business in the State of Florida. RASIER-PA is a citizen of the State of California and the State of Delaware.

8. Defendant RASIER-MT, LLC (hereinafter "RASIER-MT") is a limited liability company

organized under the laws of the State of Delaware, and whose principal place of business is in the State of California. At all relevant times RASIER-MT conducted business in the State of Florida. RASIER-MT is a citizen of the State of California and the State of Delaware.

9. Defendant HINTER-NM, LLC (hereinafter "HINTER") is a limited liability company organized under the laws of the State of New Mexico, and whose principal place of business is in the State of California. At all relevant times HINTER conducted business in the State of Florida. HINTER is a citizen of the State of California and the State of New Mexico.

10. Defendant Herrera is an individual, and was at all times material hereto a citizen of Miami-Dade County, Florida.

11. The full extent of the facts linking the fictitiously designated Defendants with the cause(s) of actions herein is unknown to the Plaintiff. Further the true names and capacities, whether individual, corporate, associate, plural or partnership, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to the Plaintiff. The Plaintiff therefore sues the Defendants by such fictitious names. The Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE is negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully responsible in some manner for the events and happenings hereinafter referred to, and negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully, proximately caused injuries and damages to the PLAINTIFFS, as hereinafter alleged. The Plaintiff will ask leave of this Court to amend this Complaint to show said Defendants' names and capacities once the same have been ascertained.

## JURISDICTION AND VENUE

12. This is an action for monetary damages.

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§1332(a) because the amount in controversy of this suit exceeds $75,000.00, exclusive of interests and costs, and it is between citizens of different states.

14. Venue is proper in this District pursuant to §1391, in that all Defendants conduct business and have substantial contacts with the State of Florida, the state where this District is located.

15. Venue is also proper pursuant to §1391, in that a substantial part of the events or omissions giving rise to these claims occurred in this District.

**COMMON ALLEGATIONS**

16. Plaintiff, at all material times hereto, was a passenger in a vehicle driven, owned, and/or operated by Herrera.

17. Herrera, at all times material hereto, was acting as an employee and/or agent of the Uber Defendants, and Herrera's vehicle was controlled and insured by the Uber Defendants.

18. In the early morning hours of September 5, 2022, Herrera was driving northbound NE 1st Ave, Miami, Florida, in a 2021 Chevy Traverse while acting within the scope and course of her employment and/or agency for the Uber Defendants (the "Traverse"). At the same time Pamela Paz Clemente ("Clemente") was driving eastbound oh NE 8th Street, Miami, Florida in a 2021 Red Mazda (the "Mazda").

19. While Clemente was traveling on NE 8th Street, Clemente failed to stop at a red light in violation of Florida statute and the Traverse, which was carrying Plaintiff, struck the passenger side of the Mazda that Clemente was driving.

20. Upon the collision with the Traverse and the Mazda, Miami Dade Fire and Rescue ("Fire & Rescue") and at least one officer from the Miami Police Department arrived on the scene of the accident.

21. In fact, Plaintiff advised Fire & Rescue upon their arrival that she was suffering from neck and knee pain.

22. As a result of the collision, Plaintiff proximately suffered significant bodily injury and suffering, mental anguish, loss of capacity for the enjoyment of life, medical expenses, and loss of earnings. These losses are either permanent or continuing and Plaintiff will continue to suffer these losses in the future.

23. Unfortunately, the Traverse was carrying at least three (3) other passengers including Plaintiff when the collision occurred, and while Clemente had insurance coverage for the Mazda, the coverage that Clemente possessed was inadequate to cover Plaintiff's injuries and damages, especially since such coverage was divided by Plaintiff, the other three (3) passengers and Herrera.

24. Herrera who acted as an employee and/or agent of/for the Uber Defendants was required to have insurance; however, the Uber Defendants apparently failed to require Herrera to obtain any uninsured/underinsured motorist (UM/UIM) insurance coverage, despite the fact that it was foreseeable that Herrera and/or the Traverse would be involved in an accident in which there was insufficient coverage for the passengers in the Traverse while it was operating for/on behalf of the Uber Defendants.

25. Due to the failure of the Uber Defendants to require Herrera to obtain any UM/UIM coverage, the Plaintiff has been left without adequate relief and coverage for her injuries and damages and she will be left with the responsibility of financing her own medical bills and damages.

## COUNT I
## NEGLIGENCE
(The PLAINTIFF against the UBER DEFENDANTS)

26. Plaintiff hereby repeats, realleges and incorporates by reference each and every allegation

contained hereinabove and incorporates the same herein as though fully set forth herein.

27. The Uber Defendants owed Plaintiff a duty to ensure that the Plaintiff was safely transported from her pick-up location to her destination.

28. The Uber Defendants further owed Plaintiff a duty to ensure that that in the event that Plaintiff was injured while she was riding in Herrera's vehicle, the Traverse, that she would be sufficiently protected and insured for any injuries or damages that she received.

29. The Uber Defendants failed to require Herrera to obtain an insurance policy that would protect, and that did protect Plaintiff in the event that she was injured and/or harmed in the Traverse and thus the Uber Defendants breached the duty they owed the Plaintiff.

30. Specifically, the Uber Defendants failed to require Herrera to obtain a UM/UIM policy, which would have protected the Plaintiff in a situation such as the one in the instant matter.

31. Due to the Uber Defendants breach(es) of this duty, the Plaintiff not only failed to make it to her destination safely, but the Plaintiff also sustained damages of a physical, emotional and pecuniary nature, in an amount to be proven at trial in excess of the jurisdictional limits.

## COUNT II
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(by PLAINTIFF against the UBER DEFENDANTS)

32. Plaintiff hereby repeats, realleges and incorporates by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

33. The Uber Defendants owed Plaintiff a duty to ensure that the Plaintiff was safely transported from her pick-up location to her destination.

34. The Uber Defendants further owed Plaintiff a duty to ensure that that in the event that Plaintiff was injured while she was riding in Herrera's vehicle, the Traverse, that she would be sufficiently protected and insured for any injuries or damages that she received.

35. The Uber Defendants failed to require Herrera to obtain an adequate insurance policy that

would protect, and that did protect Plaintiff in the event that Plaintiff was injured and/or harmed in the Traverse and thus the Uber Defendants breached the duty that they owed the Plaintiff.

36. Specifically, the Uber Defendants failed to require Herrera to obtain a UM/UIM policy, which would have protected the Plaintiff in a situation such as the one in the instant matter.

37. Due to the Uber Defendants breach(es) of this duty, the Plaintiff not only failed to make it to her destination safely, but the Plaintiff became a "direct victim" in the aforementioned car accident and sustained severe emotional damages.

38. Additionally, the Plaintiff sustained damages of a physical, emotional and pecuniary nature, in an amount to be proven at trial in excess of the jurisdictional limits.

**COUNT III**
**NEGLIGENCE**
(by PLAINTIFF against HERRERA)

39. Plaintiff hereby repeats, realleges and incorporates by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

40. Herrera as the operators of the Traverse owed Plaintiff a duty to ensure that the Plaintiff was safely transported from her pick-up location to her destination.

41. Herrera further owed Plaintiff a duty to ensure that that in the event that Plaintiff was injured while she was riding in the Traverse when Herrera was acting within the scope and course of her employment and/or agency for the Uber Defendants that the Plaintiff would be sufficiently protected and insured for any injuries or damages that she received.

42. Herrera failed to acquire an insurance policy that would protect and did protect Plaintiff in the event that she was injured and/or harmed in the Traverse and thus Herrera breached the duty that she owed the Plaintiff.

43. Specifically, Herrera failed to obtain a UM/UIM policy, which would have protected the Plaintiff in a situation such as the one in the instant matter.

44. Due to Herrera's breach of this duty, the Plaintiff not only failed to make it to her destination safely, but the Plaintiff also sustained damages of a physical, emotional and pecuniary nature, in an amount to be proven at trial in excess of the jurisdictional limits.

**COUNT IV**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
(by PLAINTIFF against HERRERA)

45. Plaintiff hereby repeats, realleges and incorporates by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

46. Herrera owed Plaintiff a duty to ensure that the Plaintiff was safely transported from her pick-up location to her destination.

47. Herrera further owed Plaintiff a duty to ensure that that in the event that Plaintiff was injured while she was riding in Herrera's vehicle, the Traverse, that she would be sufficiently protected and insured for any injuries or damages that she received.

48. Herrera failed to obtain an adequate insurance policy that would protect, and that did protect, Plaintiff in the event that she was injured and/or harmed in the Traverse and thus breached the duty that she owed the Plaintiff.

49. Specifically, Herrera failed to obtain a UM/UIM policy, which would have protected the Plaintiff in a situation such as the one in the above-described matter.

50. Due to Herrera's breach of this duty, the Plaintiff not only failed to make it to her destination safely, but the Plaintiff became a "direct victim" in the aforementioned car accident and sustained severe emotional damages.

51. Additionally, the Plaintiff sustained damages of a physical, emotional and pecuniary nature, in an amount to be proven at trial in excess of the jurisdictional limits.

**WHEREFORE**, for the reasons set forth herein, the Plaintiff respectfully requests that this Court award damages against the Defendants and each of them as follows:

a. For general damages to be proven at trial in an amount in excess of $0.50 million dollars;

b. For special damages to be proven at trial in an amount in excess of $0.10 million dollars;

c. For the costs of this action;

d. For attorney's fees, if applicable; and

e. For any other and further legal and equitable relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

**WHEREFORE**, the Plaintiff demands a trial by jury for all issues so triable.

## RESERVATION OF RIGHTS

The Plaintiff reserves the right to further amend this Complaint, upon completion of her investigation and discovery, to assert any additional claims for relief against the Defendants, or other parties, as may be warranted under the circumstances and as allowed by law. The Plaintiff further reserves the right to seek and have punitive damages assessed against the Defendants.

Dated: September 3, 2024

s/Andrew Williams
**THE WILLIAMS LAW GROUP**
Andrew Williams, Esq.
*Attorney for Plaintiffs*
9600 S. Dixie Hwy
Suite 1311
Miami, Florida 33156
Telephone: (305) 916-1122
FL Bar No. 0111817
Email: Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com